UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
JUN - 9 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| **Jaime S. Alfaro-Garcia,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No.: 3:15CV349 |
| **HENRICO COUNTY; MICHAEL L.** ) | |
| **WADE**, Sheriff, Henrico County, in his ) | |
| individual and official capacity; **JOHN** ) | |
| **DOES 1 through 10**, in their ) | |
| individual and official capacities; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### Preliminary Statement

1. The Defendants willfully detained Jaime S. Alfaro-Garcia ("Plaintiff") in violation of his constitutional rights under 42 U.S.C. § 1983. As part of his detention, defendants:

   a. Misled plaintiff regarding the possibility of pretrial release from detention by posting bond;

   b. Continued to detain plaintiff unlawfully upon completion of his sentence in Henrico County Jail West for an additional 48 hours pursuant to an immigration detainer request; and

   c. Continued to detain plaintiff unlawfully for an additional 12 to 14 hours beyond the 48 hours stated in the immigration detainer request.

1

## Jurisdiction

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, 1343, and Article III of the United States Constitution, as Plaintiff seeks redress of deprivations to his civil rights secured by the United States Constitution.

3. This Court has supplemental jurisdiction over Plaintiff's claims based on Virginia law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution

4. Suit is authorized by 42 U.S.C. § 1983.

5. Venue is proper in this district and division because all of the actions took place within this district and Defendant's offices are within this district.

## Parties

6. Plaintiff is a resident of Virginia.

7. Defendant Henrico County is a political and administrative subdivision of the Commonwealth of Virginia

8. Defendant Michael L. Wade is the sheriff of Henrico County.

9. Defendants John Does 1 through 10 are officers of the Henrico County Sheriff's office.

## Factual Allegations

10. Defendant Henrico County operates Henrico County's Jail West in Henrico County, Virginia.

11. Defendant Michael L. Wade, as sheriff, has custody and control of all persons confined in Henrico County Jails and is responsible for the day-to-day operations of the Henrico County Jail West.

12. On or about June 10, 2013, Plaintiff was lawfully arrested and lodged in Henrico County Jail West.

13. Shortly thereafter, the U.S. Department of Homeland Security (DHS) filed Form I-247, Immigration Detainer – Notice of Action, relating to Plaintiff at Henrico County Jail West.

14. Immigration detainers indicate that DHS has initiated an investigation to determine whether an individual is subject to removal from the United States. When filed with a Law Enforcement Agency (LEA) such as Henrico County Jail West, Immigration Detainers request the LEA maintain custody of a subject "for a period **NOT TO EXCEED 48 HOURS**, excluding Saturdays, Sundays, and holidays, beyond the time when the subject would have otherwise been released."

15. On or about June 11, 2013, Plaintiff was formally charged and the court set Plaintiff's bail.

16. While in Defendants' custody, Plaintiff and Plaintiff's family inquired on multiple occasions about the possibility of pre-trial release by posting bail. Defendants, John Does 1 through 7, told Plaintiff and his family on each occasion that there would be no point in posting bail because the Plaintiff would remain in custody as a result of the immigration detainer, even if bail were posted.

17. Plaintiff remained in jail from June 10, 2013 until the following month, on or about Wednesday, July 17, 2013 at 9:30am, when Plaintiff resolved his criminal matter, thereby triggering the 48-hour period stated in the immigration detainer.

18. Defendants continued to hold Plaintiff, in violation of his constitutional rights, in Henrico County Jail West based on the immigration detainer request from July 17, 2013 until the morning of July 19, 2013.

19. On the morning of Friday, July 19, 2013 around 9:30am, the 48-hour period stated in the immigration detainer expired; Defendants continued to maintain custody of Plaintiff in violation of his constitutional rights.

20. Counsel for the Plaintiff arrived at Henrico County Jail West on the evening of July 19, 2013 and requested that Plaintiff be released.

21. John Does 8 and 9 denied the release of Plaintiff and ultimately referred Plaintiff's counsel to John Doe 10, a booking officer or manager.

22. John Doe 10 agreed that Plaintiff was being held beyond the 48-hour period stated in the immigration detainer, but denied the release of Plaintiff without authorization from U.S. Immigrations and Customs Enforcement (ICE).

23. Counsel obtained authorization from ICE, and Plaintiff was ultimately released from custody at some point between July 19, 2013 around 11:30pm and July 20, 2013 around 12:30am.

24. During the course of his incarceration, Defendants did not provide Plaintiff with a copy of Form I-247, nor did they provide him with any opportunity to challenge his continued detention based solely on the immigration detainer.

25. Defendants have a policy, practice, or custom of misleading inmates regarding the opportunity to be released by posting bail, solely due to the existence of an immigration detainer request, notwithstanding that the court had set bail.

26. Defendants have a policy, practice, or custom of detaining certain inmates for an additional 48 hours after they would normally be released, in violation of their constitutional rights, solely due to the existence of an immigration detainer request. These inmates would otherwise be released because their criminal matter has been resolved and they are entitled to release.

27. Defendants have a policy, practice, or custom of detaining certain inmates for a period of time beyond 48 hours from when they would normally be released, in violation of their constitutional rights, solely due to the existence of an immigration detainer request. These inmates would otherwise be released because their criminal matter has been resolved, the immigration detainer request has expired, and they are entitled to release.

28. Because of Defendants' unlawful actions, Plaintiff has suffered loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, and other non-economic losses in an amount to be determined at the time of trial.

### Claims for Relief

### Count I
Fourteenth Amendment Violation – Due Process Violation;
42 U.S.C. § 1983; Va. Const. art. 1, § 11

29. When Plaintiff was detained in Henrico County jail, Defendants misled the Plaintiff and his family regarding the possibility of pretrial release and advised against obtaining bail, even though Plaintiff was eligible for and had been awarded bail, thus depriving Plaintiff of his liberty without due process of law.

30. Defendants detained Plaintiff for 48 hours after his criminal case had been resolved, based solely on the immigration detainer request, thus depriving Plaintiff of his liberty without due process of law.

31. Defendants knowingly detained Plaintiff even beyond the 48 hours stated in the immigration detainer request, thus depriving Plaintiff of his liberty without due process of law.

**Count II**
Fourth Amendment Violation – Unlawful Seizure;
42 U.S.C. § 1983; Va. Const. art. 1, § 10

32. Defendants advised and instructed Plaintiff not to post bail for the state criminal charge, even though Plaintiff was eligible, constituting an unlawful seizure in violation of the 4th Amendment.

33. Defendants detained Plaintiff, after every basis for detention under state law had expired, based solely on the immigration detainer.

34. Additionally, Defendants detained Plaintiff, based solely on the immigration detainer for more than 48 hours after his release date and after any state law grounds for detention had expired, without any determination of probable cause.

**Count III**
False Imprisonment

35. The tort of false imprisonment in Virginia is "restraint of one's liberty without any sufficient legal excuse therefor by word or act which he fears to disregard, and neither malice, ill will, nor the slightest wrongful intentions is necessary to constitute the offense." *Montgomery Ward & Co. v. Freeman,* 199 F.2d 720, 723 (4th Cir. 1952).

36. While Plaintiff was detained in Henrico County Jail, Defendants repeatedly recommended to Plaintiff that he not post bond because they were going to honor the immigration detainer and keep Plaintiff detained even if he did post bond.

37. Defendant's detained Plaintiff without probable cause and therefore without any "legal excuse" for a period beyond 48 hours after his criminal matter was resolved.

## Request for Relief

Plaintiff respectfully requests that this Court:

A.  Award compensatory and punitive damages in an amount to be determined at the time of trial;

B.  Issue an injunction preventing Defendants from honoring immigration detainer requests in the future;

C.  Award Plaintiff's attorney's fees and costs pursuant to 42 U.S.C. § 1988;

D.  Grant such other relief as this Court deems just and proper.

## Demand for Jury Trial

Plaintiff requests a Jury Trial on all the issues so triable.

Respectfully Submitted,

Jaime S. Alfaro-Garcia

By counsel:

_____

_____

JACOB N TINGEN (VSB No. 84543), and
BENJAMIN WILLIAMS (VSB No. 88101)
Tingen & Williams, PLLC
1900 Byrd Avenue, Suite 101E
Richmond, VA 23230
(804) 477-1720
(804) 299-4113 (fax)
jacob@tingenwilliams.com
ben@tingenwilliams.com